JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Amay's Bakery & Noodle Co. ("Amay") appeals the judgment of the bankruptcy court in favor of Amay's debtor, Janet Hom. The bankruptcy court concluded that Amay had failed to show that Hom's debt was non-dischargeable under § 523(a)(6) of the Bankruptcy Code. For the reasons stated below, the judgment of the bankruptcy court is REVERSED.

## I.    BACKGROUND

Hom's debt to Amay arises out of a prior state court action.[1] On October 10, 2008, the state court found that Janet Hom and her co-defendants were liable to Amay for the following reasons:

> Defendants acted wilfully intentionally, and with malice with the intent and for the knowing purpose of violating Amay's rights by interfering with Amay's prospective economic advantage, engaging the (*sic*) unfair competition and violating the Uniform Trade Secrets Act as described hereinabove and in breaching and/or aiding and abetting the breaches of the fiduciary duty owed to Amay's.

---

[1] *Amay's Bakery & Noodle Co. v. Asiacorp Inc.*, BC 322221 (Los Angeles Superior Court).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

(Record[2] ("R") at 447.)

  Subsequently, on March 23, 2009, the state court entered judgment in favor of Amay and against the defendants, including Hom. The state court awarded Amay $2,510,149 in damages from the defendants. (R. at 459.)

  Hom subsequently filed for bankruptcy.[3] Amay contends that Hom's judgment debt is non-dischargeable under the bankruptcy code. Section 523 of the Bankruptcy Code establishes that certain debts are non-dischargeable in bankruptcy. 11 U.S.C. § 523. As relevant to this case, § 523(a)(6) establishes as non-dischargeable any debt "for *willful* and *malicious* injury by the debtor to another entity or to the property of another entity." § 523(a)(6). The malicious injury element is separate from the willful injury requirement. *In re Su*, 290 F.3d 1140, 1146–47 (9th Cir. 2002). Thus, to prevent the debt from being discharged, the creditor has to prove both willfulness and malice.

  A "willful" injury is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). The Supreme Court has compared the willfulness requirement to the intent requirement for an intentional tort—the actor must have intended the consequences of his act, not simply the act itself. *Id.*

  A "malicious" injury requires "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Su*, 290 F.3d at 1147 (internal citations omitted). Section 523(a)(6)'s definition of maliciousness does not require a showing of "personal hatred, spite, or ill-will." *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) (*en banc*).

  On August 27, 2010, the bankruptcy court (at the time, Judge Bufford) granted Amay summary adjudication as to the willfulness prong of § 523(a)(6). (R. at 186.) (That is, Judge Bufford found that Janet Hom had "deliberately and intentionally injured" Amay.) In addition, the court found that Amay had "partially satisfied its burden of proof

---

  [2] Appellant's Appendix or Excerpts of Record and Transcripts.

  [3] The parties do not state whether Hom filed for a Chapter 7 or a Chapter 13 bankruptcy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

with respect to the 'malicious' requirement." (R. at 187.) Specifically, the court held that Amay had established that Hom's actions were "wrongful," but that it

had not established that Hom's actions were "done without just cause or excuse. (R. at 187.)

A trial was scheduled "to determine whether [Hom's] actions were done without just cause or excuse." (R. at 188.) The court noted, in the summary adjudication order, that "in the event that a determination is made at trial that Janet's actions were not [sic] done without just cause or exclude, judgment pursuant to 11 U.S.C. § 523(a)(6) will be entered in favor of Amay's and against [Hom]." (R. at 188.)

In the proceedings before the bankruptcy court, Hom raised only one just cause or excuse. According to Hom, her actions were done at the bidding of her father. (R at 351.) She explained that "it is a cultural imperative of traditional Chinese culture that children do not disobey their elders, and especially one's parents." (R. at 351.) The parties refer to this "cultural imperative" as the doctrine of filial piety. Hom claimed that her actions were justified or excused by this doctrine of filial piety. (R at 341.)

At trial, both sides presented expert testimony as to the scope and applicability of this doctrine. In fact, this was the *only* testimony presented at trial. Hom's expert described filial piety as "supporting, protecting, defending, and helping the father." R.at 77.

After the conclusion of expert testimony, Judge Bufford explained that Amay had the burden to demonstrate that Hom's actions were done without just cause or excuse. (R. at 137–38.) The court concluded that Amay had failed to meet this burden and, as a result, Judge Bufford entered judgment against Amay and in favor of Hom. (R. at 182.) ("[Amay] has failed to meet its burden of proving that Defendant Janet Hom's conduct was done without just cause or excuse for the purposes of nondischargeability of debt pursuant to 11 USC § 523(a)(6) . . . .").

Amay moved for reconsideration or, in the alternative, relief from judgment. The bankruptcy court (by then, Judge Carroll) denied that motion on January 18, 2011. (R. at 1.) Subsequently Amay timely appealed the bankruptcy court's judgment of non-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

dischargeability as well as the court's order denying reconsideration.

Amay raises three issues on appeal:

"1. Did the Bankruptcy Court err in concluding at the end of the trial of this matter that Appellant had failed to prove the 'malicious' prong of the 11 U.S.C. 523(a)(6) test for dischargeability, even though the Court had previously granted a partial summary judgment in the appellant's favor on that issue and at all times thereafter the Court made clear that the only issue to be tried was the issue of 'just cause' under that Section?"

"2. Did the Bankruptcy Court err in denying Appellant's Motion for New Trial Or, in the Alternative, Relief from Judgment."

"3. Was Appellant denied a fair trial and due process as a result of the trial court's unilateral change in the issues to be tried at the end of the trial without notice to Appellant or an opportunity to provide evidence with respect to the new issues."

Because the Court finds that the first question is dispositive, this order does not address questions two and three.

## II. STANDARD OF REVIEW

The bankruptcy court's conclusions of law and interpretations of the Bankruptcy Code are reviewed *de novo*. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (internal citations omitted). The bankruptcy court's factual findings, in contrast, are reviewed for clear error. *Id.*

Mixed questions of law and fact are presumptively reviewed under the *de novo* standard. *In re Bammer*, 131 F.3d at 792. A bankruptcy court decision involves a mixed question of law and fact where "the historical facts are established; the rule of law is undisputed; . . . and the issue is whether the facts satisfy the legal rule." *Id.*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

The question whether a debtor's cause or excuse for the conduct that created the debt is "just" for purposes of § 523(a)(6) is a mixed question of law and fact that is reviewed *de novo*. *Id.* ("[A]lthough the bankruptcy court's finding of compassion is reviewed for clear error, we review de novo the conclusions of the courts below that [the debtor] had 'just cause' for his knowingly injurious act.").

## III.   ANALYSIS

The bankruptcy court made clear that only one issue remained to be decided at trial: the question whether Hom actions were done without just cause or excuse. As set forth above, the court had previously determined that Amay had satisfied all the other elements of § 523(a)(6).

At trial, the court concluded that Amay had failed to meet its burden of showing that Hom had acted without just cause or excuse. For this reason, the court entered judgment in favor of Hom.

This Court respectfully disagrees with Judge Bufford's conclusion. Although the creditor (here, Amay) does have the burden of proof on the issue of just cause or excuse, the debtor (here, Hom) must first raise a legally sufficient just cause or excuse. In the absence of a legally sufficient just cause or excuse, a debtor's actions are, as a matter of law, done without just cause or excuse.

In this case, the only just cause or excuse raised by Hom was the doctrine of filial piety. But, under the reasoning of the Ninth Circuit's decision in *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997) (*en banc*), filial piety cannot constitute a just cause or excuse. Accordingly, as a matter of law, Hom acted without just cause or excuse.

### A.   Hom must point to a just cause or excuse

The bankruptcy court was correct in placing on Amay the burden of proof as to just cause or excuse. The creditor has the burden of proving that the debtor's conduct was "malicious" within the meaning of § 523(a)(6). And although the Ninth Circuit has never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

addressed the issue directly, it appears that this burden includes proving that the debtor's conduct was done without just cause or excuse. *See In re Sicroff*, 401 F.3d 1101, 1106 (9th Cir. 2005) ("Having satisfied the first three elements of malicious injury, to prevail, Jett [the creditor] must demonstrate by a preponderance of the evidence that Sicroff [the debtor] published his statements without just cause and excuse.").

But even though the creditor has the burden of proof with regard to just cause or excuse, the debtor must first claim a cause or excuse that is legally sufficient. Only then may a creditor be required to rebut the cause; the creditor need not disprove an entire possible universe of just causes.

The Ninth Circuit's treatment of § 523(a)(6) supports this principle. *In re Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001) examined whether a debtor's conduct was malicious within the meaning of § 523(a)(6). After the court noted that the debtor's conduct satisfied the first three elements of maliciousness, it considered whether the debtor had a just cause or excuse. In concluding that the debtor's conduct was malicious the Court noted that "Jercich has pointed to no 'just cause or excuse' for his behavior." *Jercich*, 238 F.3d at 1209. *Jercich* indicates that it is the debtor's responsibility to "point to" a just cause or excuse.

Similarly, in *In re Hernandez*, 2011 WL 3300927, at *7 (B.A.P. 9th Cir. 2011), the Ninth Circuit's Bankruptcy Appellate Panel considered a debtor's claim of just cause or excuse under § 523(a)(6). That court characterized "just cause or excuse" as a "defense" and faulted the debtor for not raising this defense in a timely manner. *Hernandez*, like *Jercich*, shows that a debtor has the responsibility of raising a just cause or excuse before the burden shifts to the creditor to rebut the proffered cause or excuse.

### B. Filial piety is not a just cause or excuse

Filial piety does not qualify as a just cause or excuse. In *Bammer*, a state court had found that the debtor had intentionally defrauded his creditor. *Bammer*, 131 F.3d at 791. Before the bankruptcy court, the debtor contended that his conduct was not malicious because it was supported by a just cause—compassion for his mother. *Id.* Both the bankruptcy court and the bankruptcy appellate panel agreed with the debtor and found that compassion for his mother was a just cause for the debtor's actions. *Id.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

The Ninth Circuit unanimously reversed, in an *en banc* decision. *Id* at 793. The court explained:

> The root of the mistake made by the courts below was to have permitted a purely subjective element, i.e., 'compassion,' to constitute 'just cause or excuse.' Neither the courts below nor Steven Bammer have "cited any authority or even made a credible argument that ... subjective intent justifies or excuses" behavior that is otherwise wrongful. We can think of no reason consistent with section 523 and the purposes of the Bankruptcy Code to permit a standardless, unmeasurable, emotional, and nonlegal concept such as compassion to negate an identifiably and *legally* wrongful act.

*Id.* (internal citations omitted).

*Bammer* controls here. The excuse proffered by the debtor in that case—compassion for his mother—is very similar to Hom's excuse of filial piety. Both these justifications are purely subjective elements that are "standardless, unmeasurable, emotional, and nonlegal." *Id.* Accordingly, the Court concludes that because Hom failed to offer a legally sufficient just cause or excuse, Amay's proof that there was no such cause or excuse was sufficient.

/ / /

/ / /

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01260 AHM<br>BK Case No. 2:08-bk-27144 PC | Date | July 11, 2012 |
|---|---|---|---|
| Title | In re JANET HOM | | |

## IV. CONCLUSION

Hom failed to point to legally sufficient just cause or excuse. Accordingly, her actions were done "without just cause or excuse." The bankruptcy court's contrary conclusion is reversed; Hom's debt to Amay is not dischargeable.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

cc: **Bankruptcy Court**

JS-6